John Tehranian (*Pro Hac Vice* Forthcoming)
Email: jtehranian@onellp.com
Christopher S. Skinner (AZ Bar No. 032781)
Email: cskinner@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff,
AUGUST IMAGE, LLC

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ESTHETIC FINESSE, LLC, an Arizona limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

1    Plaintiff AUGUST Image, LLC ("Plaintiff") complains against Defendants
2  Esthetic Finesse, LLC ("Esthetic Finesse") and DOES 1 through 10 as follows:

## JURISDICTION AND VENUE

4    1.    This is an action for damages and injunctive relief against Defendants
5  for, inter alia, willful, direct, contributory, and vicarious copyright infringement in
6  violation of the Copyright Act of the United States, 17 U.S.C. §§ 501-504.

7    2.    This Court has subject matter jurisdiction over this copyright
8  infringement action pursuant to 28 U.S.C. § 1331, 17 U.S.C. § 501(a) and 28
9  U.S.C. § 1338(a).

10    3.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)
11  and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the
12  Defendants may be found and transact business in this Judicial District, and the
13  injury suffered by Plaintiff took place in this judicial district. Esthetic Finesse is
14  subject to the general and specific personal jurisdiction of this Court because of its
15  contacts with the state of Arizona. Specifically, on information and belief, Esthetic
16  Finesse owns and operates a medical spa in Paradise Valley, Arizona. This action
17  furthermore arises out of the infringement of copyrighted works that Esthetic
18  Finesse has used to advertise one the foregoing medical spa in Arizona. The works
19  were infringed by Esthetic Finesse on a highly-trafficked Instagram page whereby
20  it advertises and offers its goods and services to consumers in Arizona.

## PARTIES

22    4.    Plaintiff is a New York limited liability company with its principal
23  place of business in New York, New York.

24    5.    On information and belief, Esthetic Finesse is an Arizona limited
25  liability company with its principal place of business at 5520 N. 69th Place,
26  Paradise Valley, Arizona 85253.

27    6.    The identities of DOES 1 through 10, inclusive, are unknown to
28  Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek

1  leave to amend this Complaint to replace the fictitious names with the true names
2  of DOES 1 through 10, and such DOES' participation in the wrongful acts alleged
3  herein, when that information is ascertained.

## STATEMENT OF FACTS

### *Plaintiff and the Photographers*

6  7.   Plaintiff is an agency that represents an elite group of portrait, lifestyle, beauty & fashion photographers for editorial and commercial licensing. Plaintiff is also the exclusive licensing agent for Brian Bowen Smith ("Bowen Smith"), Micaiah Carter ("Carter"), and Arielle Bobb-Willis ("Bobb-Willis") (collectively, the "Photographers"), the artists responsible for capturing the photographs that are at issue in this action.

8.   Bowen Smith is American commercial and fine art photographer well known for his celebrity portraits. His work has been featured in publications such as *Vanity Fair*, *Esquire*, *Self*, *GQ*, and *Details*. Aside from his editorial work, Bowen Smith has photographed key art for multiple Netflix series, including *Unbreakable Kimmy Schmidt*, *Chelsea Does*, *The Ridiculous 6*, and *The Do Over*, and he has photographed movie posters for films such as *Central Intelligence*, starring Dwayne Johnson and Kevin Hart, and *The Intern*, starring Anne Hathaway and Robert DeNiro.

9.   Carter is a photographer and director who has been published in iconic publications such as *Vogue*, *The Wall Street Journal*, *The New York Times*, *Vanity Fair*, and *GQ*. He has also photographed advertising campaigns for Nike, Apple, Verizon, Lancôme, Ralph Lauren, Valentino, and other major companies. His work has been featured in exhibitions at the Aperture Foundation in New York City, the Houston Center for Photography, and the Los Angeles County Museum of Art. In 2023, Carter published his debut book, *Micaiah Carter: What's My Name*, which explores the African-American experience.

10. Bobb-Willis is a Los Angeles-based photographer known for her bold, colorful work, inspired by surrealist paintings. She has been published in *The New York Times*, *Vanity Fair*, *Vogue*, and *Variety*, in addition to photographing campaigns for Nike, Apple, Thom Browne, Valentino, Ugg, Converse, and Hermès.

### *The Photographs*

11. In 2015, Bowen Smith captured an original portrait photograph of actress Viola Davis, and separately, an original portrait photograph of actress Julianne Moore (collectively, the "Bowen Smith Photographs").

12. The Bowen Smith Photographs have been registered with the United States Copyright Office under registration number VA-2-241-666.

13. In 2020, Carter captured an original portrait photograph of singer Selena Gomez, and separately, an original portrait photograph of singer Jennifer Lopez (collectively, the "Carter Photographs").

14. The Carter photographs have been registered with the United States Copyright Office under Registration Numbers VA-2-243-595, and VA-2-241-941 respectively.

15. In 2020, Bobb-Willis captured an original photograph of famous rap artist Megan Thee Stallion against a red background, wearing red makeup and a red leather jacket (the "Bobb-Willis Photograph").

16. The Bobb-Willis Photograph has been registered with the United States Copyright Office under registration number VA-2-359-589.

17. As the Photographers' exclusive worldwide licensing agent, Plaintiff owns, among other things, the exclusive worldwide right to sell, syndicate, license, market or otherwise distribute the Bowen Smith, Carter, and Bobb-Willis Photographs.

18. True and correct copies of the Bowen Smith, Carter, and Bobb-Willis Photographs (collectively, the "Photographs") are attached hereto as **Exhibit A**.

### *Defendants' Infringing Conduct*

19. According to its website, www.estheticfinesse.com (the "Website"), Esthetic Finesse is a "boutique injection studio," specializing in a variety of injectable cosmetics.

20. Esthetic Finesse also owns and operates an Instagram account with the handle @estheticfinesse (the "Instagram Account"), where it promotes and advertises its goods and services. The Instagram Account has an active following of more than 16,000 users.

21. Without the authorization of—or compensation to—Plaintiff, Esthetic Finesse published an advertisement featuring the Bowen Smith Photographs to promote its goods and services on the Instagram Account. A true and correct copy of said advertisement is attached hereto as **Exhibit B**.

22. Without the authorization of—or compensation to—Plaintiff, Esthetic Finesse published an advertisement featuring the Carter Photograph depicting Selena Gomez to promote its goods and services on the Instagram Account. A true and correct copy of said advertisement is attached hereto as **Exhibit C**.

23. Without the authorization of—or compensation to—Plaintiff, Esthetic Finesse published an advertisement featuring the Bobb-Willis Photograph to promote its goods and services on the Instagram Account. A true and correct copy of said advertisement is attached hereto as **Exhibit D**.

24. Without the authorization of—or compensation to—Plaintiff, Esthetic Finesse published an advertisement featuring the Carter Photograph depicting Jennifer Lopez to promote its goods and services on the Instagram Account. A true and correct copy of said advertisement is attached hereto as **Exhibit E**.

25. Thus, without authorization of or compensation to Plaintiff, Esthetic Finesse, reproduced, distributed, and publicly displayed unauthorized copies of the Photographs and/or derivatives thereof wholesale in its advertising published on its

Instagram Account, thereby infringing Plaintiff's exclusive rights to reproduction, distribution, and public display of the Photographs and/or derivatives thereof.

26. Esthetic Finesse publicly displayed, distributed, and reproduced the Photographs for blatantly commercial purposes and induced third parties to do the same, exploiting the Photographs to showcase the benefits of cosmetic injectables and induce consumers to choose Esthetic Finesse's services over those of competitors.

27. Esthetic Finesse has been able to garner significant attention for its services by featuring the Photographs in its advertising on its Instagram Account. The Photographs, each a unique work in and of itself, depict numerous iconic public figures in stylish and captivating angles, light and poses, thereby paying an important role in Esthetic Finesse's marketing and promotional efforts intended to convince prospective customers to choose their services over those offered by competitors. Among other things, this attention, a direct consequence of the infringement, has translated into substantial ill-gotten commercial advantage and revenue for Esthetic Finesse.

28. Esthetic Finesse's acts of infringement are willful because, inter alia, Esthetic Finesse is a sophisticated, for-profit entity with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content. Esthetic Finesse itself actively protects and enforces its own copyright rights, including as demonstrated by the "©" notice it placed on the Website.

29. At all relevant times, therefore, Esthetic Finesse clearly knew of the need for proper licensing of the Photographs, failed to obtain proper authorization for the uses detailed herein, and continued its infringement after receiving specific notice about its infringement conduct, making its infringement of the Photographs unmistakably willful.

30. Further evidencing Esthetic Finesse's willfulness, despite attempts by Plaintiff to resolve this matter amicably, Defendants have ignored Plaintiff's efforts, thereby forcing Plaintiff to file this suit and protect its basic intellectual property rights.

## FIRST CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 501)

31. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 30 above.

32. Plaintiff is the owner of exclusive rights in and to the Photographs, which substantially consist of material wholly original with its authors and which constitute copyrightable subject matter under the laws of the United States.

33. Plaintiff has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, and the Photographs have all been registered with the United States Copyright Office.

34. Defendants have reproduced, adapted, distributed, and publicly displayed unauthorized copies of the Photographs shown in Exhibit A hereto. Such acts constitute infringement of Plaintiff's exclusive rights under copyright law pursuant to 17 U.S.C. §§ 106 & 501. In addition, Defendants, without the permission or consent of Plaintiff, have knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction, adaptation, distribution, and public display of unauthorized copies of the Photographs shown in Exhibit A hereto, and have the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities. Defendants are therefore directly and secondarily (vicariously and contributorily) liable for infringement under the Copyright Act.

35. The actions of Defendants were performed without the permission, license, or consent of Plaintiff.

36. Each of the Defendants directly and individually performed the acts alleged herein, and also did so jointly and in concert with one another, or as an agent or alter ego of the other. Accordingly, each of the Defendants are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries Plaintiff has suffered.

37. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing its copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

38. As a result of the acts of Defendants alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

39. Defendants' unlawful conduct, as set forth above, was willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

40. Because of the willful nature of the copyright infringement, Plaintiff is entitled to an award of statutory damages of up to $150,000 per work infringed or, in the alternative, actual damages and a disgorgement of ill-gotten profits.

41. The wrongful acts of Defendants have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which he is without an adequate remedy at law.

/ / /

/ / /

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For a declaration that Defendants willfully infringed Plaintiff's copyrights;

2. For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Plaintiff's copyright interests, including preliminary and permanent injunctive relief requiring Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them to permanently cease from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringes Plaintiff's copyrights or exclusive rights under the Copyright Act;

3. For statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount provided by law, as may be proven at trial, arising from Defendants' willful violations of Plaintiff's rights under the Copyright Act, or in the alternative, at Plaintiff's election pursuant to 17 U.S.C. § 504(b), Plaintiff's actual damages, including Defendants' profits from infringement, in amounts to be proven at trial;

4. For an order pursuant to 17 U.S.C. § 503 requiring Defendants to deliver up for destruction or other reasonable disposition all copies made or used in violation of Plaintiff's respective copyrights;

5. For an order pursuant to 17 U.S.C. § 505 awarding Plaintiff its costs in this action, including its reasonable attorneys' fees;

/ / /

/ / /

/ / /

      6.    For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Defendants; and

      7.    For any such other and further relief as the Court deems proper.

Dated: September 16, 2024        **ONE LLP**

                            By: /s/ Christopher S. Skinner
                                    Christopher S. Skinner
                                    John Tehranian (*Pro Hac Vice* Forthcoming)
                                    Attorneys for Plaintiff,
                                    AUGUST Image, LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable to a jury.

Dated: September 16, 2024       **ONE LLP**

By: /s/ Christopher S. Skinner
    Christopher S. Skinner
    John Tehranian (*Pro Hac Vice* Forthcoming)
    Attorneys for Plaintiff,
    AUGUST Image, LLC