**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| August Image LLC,<br><br>          Plaintiff,<br><br>v.<br><br>Esthetic Finesse LLC, et al.,<br><br>          Defendants. | No. CV-24-02457-PHX-SHD<br><br>**ORDER** |

      Pending before the Court is Plaintiff August Image LLC's ("August") motion for leave to amend its complaint to join Defendant Diane Howard's husband in this action to "bind the marital community." (Doc. 53.) Defendants Howard and Esthetic Finesse, LLC ("Esthetic" and collectively, "Defendants") oppose the motion. (Doc. 54.) For the reasons explained below, August's motion for leave to amend is **granted**.[1]

**I.**    **BACKGROUND**

      This is a copyright infringement action, in which August alleges Defendants have used various photographs owned by August without August's permission on Defendants' social media accounts. (*See generally* Doc. 44.)

      August initially brought its complaint against Esthetic only. (*See* Doc. 1.) On November 18, 2024, it amended its complaint as a matter of right to add Howard as a defendant. (*See* Doc. 13.) Fed. R. Civ. P. 15(a)(1). On March 10, 2025, August obtained

---

[1]     The Court decides this motion without oral argument because the issues are fully briefed and argument would not aid the Court's decisional process, *see* LRCiv 7.2(f), and further, August withdrew its request for oral argument, (Doc. 59).

Defendants' consent to file a Second Amended Complaint ("SAC"), which added allegations concerning Defendants' use of August's photographs on Facebook. (*See* Doc. 45; Doc. 44 ¶ 38 (alleging that August "discovered that Defendants were continuing to unlawfully exploit four of the Photographs . . . on the Facebook Account" "long after [it] instituted this litigation and as Defendants were actively litigating against [its] claim").) Fed. R. Civ. P. 15(a)(2).

The Court has since entered a Case Management Order, which set a deadline of May 16, 2025 for amended pleadings. (Doc. 51 at 1.) On May 14, 2025, August moved for leave to file a Third Amended Complaint ("TAC"). (Doc. 53.) This amendment would add Howard's husband "solely in his spousal capacity" to "bind the marital community should [August] prevail." (*See id.* at 1.) Defendants filed a response opposing the addition of Howard's husband as a party, (Doc. 54), and August filed a reply, (Doc. 57).

## II.    LEGAL STANDARD

Rule 15 provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the term "freely" suggests, this "policy is to be applied with extreme liberality." *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (citation omitted). "Although leave to amend should be given freely, denying leave is not an abuse of discretion if it is clear that granting leave to amend would have been futile." *In re Cloudera, Inc.*, 121 F.4th 1180, 1189–90 (9th Cir. 2024) (citation omitted). "One reason amendment may be futile is the inevitability of a claim's defeat on summary judgment." *Ctr. for Biological Diversity v. U.S. Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) (quotation marks omitted). Ultimately, "courts may decline to grant leave to amend only if there is strong evidence of" any of the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citation modified). Of these, "prejudice to the opposing party carries the greatest weight." *Id.* (citation omitted).

In fact, "[a]bsent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice, futility, or one of the other reasons for denying a motion to amend." *Barraza v. C.R. Bard Inc.*, 322 F.R.D. 369, 391 (D. Ariz. 2017) (quotation marks omitted).

### III.   DISCUSSION

August argues all of the above factors weigh in its favor in seeking to file a TAC adding Howard's husband as a defendant. (Doc. 53 at 1.) It argues that because it would "simply add[] Mr. Howard in his spousal capacity pursuant to [state law], there are no additional factual allegations or legal causes of action that would prejudice any preexisting or contemplated defendant." (*Id.* at 2.) August acknowledges it "knew of Mr. Howard's spousal relationship . . . previously" but did not add him as a defendant, as August only realized that state law might require Howard's husband be joined "in order to collect from the mar[it]al community if a judgment is entered against Ms. Howard," but this failure "does not militate against the liberal policy of freely giving parties the right to amend their operative pleadings to ensure the determination of claims on the merits and instead of on technicalities." (*Id.* at 2–3.)

Defendants argue the Howards' marital community cannot be liable because the Howards entered into a prenuptial agreement that "expressly waives all community property rights and obligations." (Doc. 54 at 2.)[2] They argue Howard's "business obligations are her separate obligations, [so] the community estate cannot be held liable, and there is no legal basis to name [her husband] as a defendant." (*Id.*) Defendants also argue adding Howard's husband would prejudice them by "increas[ing] defense costs, risk[ing] unnecessary discovery complications, and undermin[ing] settlement posture." (*Id.* at 3.) Finally, Defendants argue the amendment is not timely because August knew of

---

[2] Although Defendants claim to attach a declaration from Howard's husband "affirm[ing] the agreement's existence, terms, and enforceability under Arizona law," (Doc. 54 at 3), no such declaration was attached.

- 3 -

Howard's husband "since the inception of the case" but "waited through three versions of its complaint and nearly eight months into litigation to attempt this amendment, only doing so after mediation failed." (*Id.*)

The Court agrees with August that leave to amend is warranted here. The Court begins its analysis with the policy of "extreme liberality" and presumption in favor of granting leave to amend under Rule 15(a). *Hoang*, 910 F.3d at 1102; *Eminence Cap.*, 316 F.3d at 1052. Only a finding of futility or prejudice, or a "strong showing" of other facts like bad faith, would make denial of August's motion proper. *Sonoma Cnty.*, 708 F.3d at 1117; *Eminence Cap.*, 316 F.3d at 1052. None of those factors are present here.

First, the Court cannot conclude based on Defendants' briefing that it would be futile to join Howard's husband as a defendant. Under Arizona state law, both spouses must be parties to a lawsuit to reach marital property. Ariz. Rev. Stat. § 25-215(D). Defendants assert that the Howards have contracted out of "community property rights and obligations," but have not provided the terms of the agreement or any information from which the Court could conclude that adding Howard's husband would be futile. (Doc. 54 at 2.) *See, e.g.*, *Carrillo-Gonzalez v. I.N.S.*, 353 F.3d 1077, 1079 (9th Cir. 2003) (stating that counsel's argument "does not constitute evidence"); *Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015) ("A party should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended pleading would be subject to dismissal." (citation omitted)). This is insufficient for Defendants to meet their burden in showing futility. *Barraza*, 322 F.R.D. at 391.

Second, August did not unduly delay its request to amend. Indeed, August brought its motion within the time the Court set to amend the pleadings under its Case Management Order. (Doc. 51 at 1.) Further, August's counsel stated in his declaration that he did not realize he needed to join Howard's husband as a party until mediation on April 28, 2025, and "[i]mmediately after," he reached out to Defendants about whether they would stipulate to August filing an amended complaint. (Doc. 53-1 ¶¶ 2–4.) Defendants do not

dispute this timing of events but speculate the omission was "strategic, not innocent." (Doc. 54 at 3.) This is insufficient to meet their burden of showing undue delay, particularly where August moved to amend within the Court's deadline to do so. *Barraza*, 322 F.R.D. at 391. Defendants' cited authority, *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990), is distinguishable because, in that case, the moving party waited eight months to file the motion for leave to amend from when they first told the court they intended to move to amend. Further, the moving party could not cite any "facts or theories gleaned from [an] additional discovery period" to support their assertion that certain facts were not fully developed between the time they filed their initial complaint and the time they moved to amend. *Id.* This is unlike the circumstances here. Even considering the time from when August first added Howard as a party (November 2024) to when it filed the motion for leave to amend (May 2025), the Court cannot say the delay was undue. Accordingly, the delay itself would be the only reason for the Court to decline August's request to amend, and the "mere fact that an amendment is offered late in the case is not enough to bar it." *Sonoma Cnty.*, 708 F.3d at 1118 (citation modified); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (holding district court abused its discretion in denying motion for leave to amend that was "made five years after the [operative] complaint had been filed" because the court knew "of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend"); *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) ("Delay alone does not provide sufficient grounds for denying leave to amend.").

Third, Defendants have made only conclusory assertions (in only one brief paragraph) to argue they are prejudiced by the addition of Howard's husband. (Doc. 54 at 3.) This is insufficient to meet their burden. *Barraza*, 322 F.R.D. at 391; *Wizards of the Coast*, 309 F.R.D. at 652 ("The non-moving party must do more than merely assert prejudice . . . ."). Even crediting Defendants' assertion that adding Howard's husband would "increase[] defense costs, risk[] unnecessary discovery complications, and undermine[] settlement posture," Defendants' asserted prejudice amounts to no more than

1  "the ordinary burdens of defending a lawsuit, which are insufficient to justify denying leave
2  to amend." *See Wizards of the Coast*, 309 F.R.D. at 652.  Nor could Defendants plausibly
3  claim prejudice to the addition of Howard's husband as a party because (1) August is
4  naming him solely in his spousal capacity so there will not be any new claims or factual
5  allegations introduced into the case against him, (Doc. 53-2 ¶ 7); (2) discovery is still
6  ongoing and does not close until September 1, 2025, (Doc. 56); and (3) the Court has not
7  set a trial date.  *Contrast AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953
8  (9th Cir. 2006) (leave to amend properly denied where the party "drastically changed its
9  litigation theory" "twelve months into the litigation," which would have been prejudicial);
10 *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (leave to amend properly denied
11 where the plaintiff moved to amend "eight months after the district court granted summary
12 judgment against it, nearly two years after filing the initial complaint," and further "waited
13 until after discovery was over, just four and a half months before the trial date" (citation
14 modified)).

15       Finally, Defendants note that August has amended its complaint twice. (Doc. 54 at
16 4.)  But August's first amendment was as a matter of right, and its second amendment was
17 made through stipulation, as Defendants acknowledge.  (*Id.*)  These previous amendments
18 were done without the Court's involvement and for different reasons, so the Court does not
19 find the previous amendments weigh against the policies underlying Rule 15(a) and the
20 presumption in favor of granting leave to amend.  *Eminence Cap.*, 316 F.3d at 1052.

21       At bottom, amendment would not be futile on this record, nor has there been a strong
22 showing of the other facts that would justify denial of leave to amend.  The Court thus
23 grants August leave to amend to add Howard's husband in his spousal capacity.

24       Accordingly,
25 ///
26 ///
27 ///
28 ///

1  **IT IS ORDERED** that August's motion for leave to amend (Doc. 53) is **granted**.
2 August shall file a clean copy of the redlined version of the Third Amended Complaint,
3 (Doc. 53-2), within **3 business days** of this Order.

4  Dated this 11th day of July, 2025.

_____
Honorable Sharad H. Desai
United States District Judge